7-25-2008
/sap

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

ARTHUR LONG., *et al.*                                          PLAINTIFFS

v.                                                        No. 1:07CV147-D-D

ALLIANZ LIFE INSURANCE COMPANY
OF NORTH AMERICA, *et al.*                                     DEFENDANTS

### OPINION GRANTING MOTION TO COMPEL ARBITRATION

Presently before the Court is the Defendant Martin Hearn's motion to compel arbitration of the Plaintiff Mattie Sue Gunter's claims against him.

Upon due consideration, the court finds that the motion should be granted. In accordance with the parties' agreement, the Plaintiff's claims shall be submitted to arbitration.

### *A. Factual Background*

In September of 2004, the Plaintiff Mattie Sue Gunter purchased two variable annuities from the Defendant Martin Hearn. In connection with the purchase, the Plaintiff signed a document entitled "Customer Agreement and Disclosure Statement" (the "Agreement"). This Agreement contains a mandatory arbitration provision, requiring that "any controversy" in connection with the annuity purchases be submitted to binding arbitration.

Despite the Agreement's arbitration provision, the Plaintiff joined this civil action, which was filed in this court on June 25, 2007, seeking monetary damages for, *inter alia*, fraud in connection with the subject transactions. Thereafter, the Defendant filed the pending motion to compel arbitration, pursuant to the Federal Arbitration Act, seeking an order compelling arbitration of the Plaintiff's claims against him.

## B. Standard for Compelling Arbitration

Congress provided in the Federal Arbitration Act (FAA) that a written agreement to arbitrate, in a contract involving interstate commerce, "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. In addition, the FAA expresses a strong national policy in favor of arbitration, and any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. Southland Corp. v. Keating, 465 U.S. 1, 10, 105 S.Ct. 852, 857, 79 L. Ed. 2d 1 (1983); Mouton v. Metropolitan Life Ins. Co., 147 F.3d 453, 456 (5th Cir. 1998).

The Fifth Circuit has directed that courts are to perform a two-step inquiry to determine whether parties should be compelled to arbitrate a dispute. OPE Int'l LP v. Chet Morrison Contractors, Inc., 258 F.3d 443, 445 (5th Cir. 2001). First, the court must determine whether the parties agreed to arbitrate the dispute. OPE Int'l, 258 F.3d at 445. In conducting this inquiry, the court must determine whether a valid agreement to arbitrate exists, and whether the dispute in question falls within the scope of that arbitration agreement. Id.; Pennzoil Exploration and Prod. Co. v. Ramco Energy Ltd., 139 F.3d 1061, 1065 (5th Cir. 1998). If the court finds that the parties agreed to arbitrate the claims, it must then consider whether any federal statute or policy renders the claims nonarbitrable. OPE Int'l, 258 F.3d at 446. In conjunction with this inquiry, a party seeking to avoid arbitration must allege and prove that the arbitration provision itself was a product of fraud or coercion; alternatively, that party can allege and prove that another ground exists at law or in equity that would allow the parties' contract or agreement to be revoked. Sam Reisfeld & Son Import Co. v. S.A. Eteco, 530 F.2d 679, 680-81 (5th Cir. 1976).

## C. Discussion

### 1. The Agreement's Arbitration Provision

The parties do not dispute that the Agreement at issue contains the following mandatory arbitration provision:

> Any controversy between the parties shall be settled by arbitration in accordance with the rules then in effect of either the American Arbitration Association or the Code of Arbitration Procedure of the National Association of Securities Dealers, Inc., ("NASD").... I understand and agree [that] arbitration is final and binding on the parties...

As for the first step in the court's analysis, the Plaintiff does not seriously dispute the existence of an agreement to arbitrate. Under Mississippi law, a person "is charged with knowing the contents of any document that he executes." Russell v. Performance Toyota, Inc., 826 So.2d 719, 726 (Miss. 2002). The Plaintiff's signature on the Agreement evidences her acquiescence to the terms stated therein, any failure to read it notwithstanding.[1] Furthermore, in view of the breadth of the arbitration provision before the court and the admonition that courts are to resolve all doubts in favor of arbitration, Harvey v. Joyce, 199 F.3d 790, 793 (5th Cir. 2000), the court finds that each of the claims advanced by the Plaintiff in her complaint fall within the scope of the Agreement's mandatory arbitration clause.

### 2. Enforceability of the Agreement

The court having satisfied itself of the existence of an agreement to arbitrate, it is now

---

[1] Ordinary principles of contract law apply in determining the existence of an agreement to arbitrate. Terminix International, Inc. v. Rice, 904 So.2d 1051, 1055 (Miss. 2004); see Hicks v. Bridges, 580 So. 2d 743, 746 (Miss. 1991); Busching v. Griffin, 542 So. 2d 860, 865 (Miss. 1989) ("To permit a party when sued on a written contract, to admit that he signed it but to deny that it expresses the agreement he made or to allow him to admit that he signed it but did not read it or know its stipulations would absolutely destroy the value of all contracts.").

3

necessary to consider "whether legal constraints external to the parties' agreement foreclose the arbitration of those claims." Gulf Ins. Co. v. Neel-Schaffer, Inc., 904 So.2d 1036, 1042 (Miss. 2004). Under this second element of inquiry, "applicable contract defenses available under state contract law such as fraud, duress, and unconscionability may be asserted to invalidate the arbitration agreement without offending the Federal Arbitration Act." East Ford, Inc. v. Taylor, 826 So.2d 709, 713 (Miss. 2002).

The Plaintiff urges the court to invalidate the Agreement on grounds of procedural unconscionability.

### 3. Procedural Unconscionability

A party may establish procedural unconscionability if she proves "a lack of knowledge, lack of voluntariness, inconspicuous print, the use of complex legalistic language, disparity in sophistication or bargaining power of the parties and/or a lack of opportunity to study the contract and inquire about the contract terms." York v. Georgia-Pacific Corp., 585 F. Supp. 1265, 1278 (N.D. Miss. 1984).

Procedural unconscionability focuses on the circumstances surrounding the formation of a contract. As noted above, among the appropriate factors for consideration in evaluating such a claim are lack of knowledge, lack of voluntariness, inconspicuous print, the use of complex legalistic language, disparity in sophistication or bargaining power of the parties and/or a lack of opportunity to study the contract and inquire about the contract terms. East Ford, 826 So.2d at 714.

The Plaintiff avers that at least one of the above-enumerated factors are present in this case. She states, primarily, that she did not know the significance of the Agreement before signing it and that she had no opportunity to review the Agreement before signing it.

The court has considered the record before it and finds that the evidence is insufficient to support a finding of procedural unconscionability. First, the Plaintiff's lack of knowledge regarding the contents of the Agreement was the result of her choosing to not read the document before signing it. Had she done so, she would, no doubt, have been fully apprised of the importance of the Agreement. In addition, the following language appears immediately above the signature line on the Agreement:

> THE UNDERSIGNED HAS CAREFULLY READ BOTH SIDES OF THIS PAGE PRIOR TO SIGNING AND THE UNDERSIGNED AGREE(S) TO ALL THE TERMS AND CONDITIONS CONTAINED HEREIN AND SPECIFICALLY UNDERSTAND(S) THAT THIS CUSTOMER AGREEMENT AND DISCLOSURE STATEMENT... CONTAINS A PREDISPUTE ARBITRATION CLAUSE SET FORTH ON THIS PAGE AT PARAGRAPH 1 ...

The Plaintiff's argument that she lacked sufficient time to review the Agreement before signing it is also questionable. Though the Plaintiff remarked on the swiftness of the transaction, there is no credible evidence presently before the court suggesting that she asked for, or was refused, additional time to study the Agreement before signing it.

In the absence of any clearly probative evidence that the Plaintiff's signing of the parties' agreement to arbitrate was less than voluntary, the court must and hereby does find against the Plaintiff on her claim of procedural unconscionability.

In sum, the court finds that the parties agreed to arbitrate the Plaintiff's claims. The Agreement's arbitration clause is unambiguous, sufficiently broad to cover the subject claims, and susceptible to only one interpretation - that the parties intended to settle, through arbitration, the claims the Plaintiff has raised. None of the Plaintiff's claims fall outside the scope of the arbitration clause. Accordingly, the court finds that the Plaintiff's claims against the Defendant Hearn should

be arbitrated in accordance with the terms of the parties' Agreement.

### D. Dismissal of Pending Claims

Finally, the court finds that the Plaintiff's claims against the Defendant Hearn should be dismissed without prejudice. Section 3 of the Federal Arbitration Act provides that, upon a showing that the issues involved in an action are properly referable to arbitration, the court "shall . . . stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. The Fifth Circuit has ruled, however, that Section 3 of the FAA does not limit dismissal of a case in the proper circumstances and that if all of the issues raised in the district court are arbitrable, dismissal of the case is proper. See Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992) (holding that retaining jurisdiction and staying an action "serve[s] no purpose" when all issues are arbitrable); Fedmet Corp. v. M/V Buyalyk, 194 F.3d 674, 678 (5th Cir. 1999).

As was the case in Alford, all of the Plaintiff's claims against the Defendant Hearn in this case are arbitrable. As such, the Plaintiff's claims against Hearn shall be dismissed without prejudice. Based on the foregoing facts and analysis, the Court finds that the Defendant's motion to compel arbitration is well-taken and should be granted.

A separate order in accordance with this opinion shall issue this day.

This, the 25th day of July 2008.

/s/ Glen H. Davidson
Senior Judge